UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ANNA STAFFORD, A.H., minor child**,                    Civil Case No. 3:13-CV-01454-KI

                      Plaintiffs,                    OPINION AND ORDER ON
                                                         APPOINTMENT OF COUNSEL

    v.

**TODD RANSFORD**,

                      Defendant.

    Anna Stafford
    5590 SE Nelson Rd.
    Olalla, WA 98359

              *Pro Se* Plaintiff

    Lindsey H. Hughes
    Jamie E. Valentine
    Keating Jones Hughes PC
    One SW Columbia, Suite 800
    Portland, OR 97258-2095

              Attorneys for Defendant

Page 1 - OPINION AND ORDER ON APPOINTMENT OF COUNSEL

KING, Judge:

Plaintiffs Anna Stafford and minor A.H. bring a case against Todd Ransford.  Pending before me are Stafford's Motion for Appointment of Counsel [9] and Motion for Drug Exam and Psychological Testing on Dr. Todd Ransford [16].  For the following reasons I deny both motions.

**DISCUSSION**

I.    Appointment of Counsel

Generally, there is no constitutional right to counsel in a civil case.  United States v. $292,888.04, 54 F.3d 564, 569 (9th Cir. 1995) ("$292.888.04"); United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986).  However, pursuant to 28 U.S.C. § 1915(e)(1) (formerly § 1915(d)),[1] this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances.  $292,888.04, 54 F.3d at 569; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  While this court may request volunteer counsel in exceptional circumstances, it has no power to make a mandatory appointment.  Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 301-08 (1989).  There are no funds available to pay the services of such volunteer counsel.

In order to determine whether exceptional circumstances exist, this court evaluates the plaintiff's likelihood of success on the merits and the ability of the *pro se* plaintiff to articulate his or her claim in light of the complexity of the legal issues involved.  $292,888.04, 54 F.3d at 569; Wood, 900 F.2d at 1335-36; Wilborn, 789 F.2d at 1331.  However, "[n]either of these

---

[1] The text of 28 U.S.C. § 1915(e)(1) reads "[t]he court may request an attorney to represent any person unable to afford counsel."

factors is dispositive and both must be viewed together before reaching a decision on request of

counsel under section 1915(d)."  Wilborn, 789 F.2d at 1331; Terrell v. Brewer, 935 F.2d 1015,

1017 (9th Cir. 1991).

There are no exceptional circumstances necessitating volunteer counsel for Stafford.  The

allegations contained in the Complaint do not demonstrate a strong likelihood of success on the

merits.  See Stafford v. Heifetz Halle Consulting Group, LLC, Civil Case No. 3:13-1057-KI,

2013 WL 4501048 (D. Or. Aug. 21, 2013).  Furthermore, Stafford has sufficiently articulated the

basis of her claim, and the legal issues are not so complex that counsel would be necessary.  I

deny the motion for appointment of counsel.

II.    Motion for Drug Exam and Psychological Testing

Stafford seeks an order from me to require defendant Ransford to undergo drug and

psychological testing.  Aside from the motion being premature, Stafford fails to meet her burden

of showing Ransford's mental or physical condition is in controversy.  Fed. R. Civ. P. 35(a)(1).

III.    Ransford's Motion to Dismiss

Ransford filed a Motion to Dismiss on November 15, 2013.  Stafford's response was due

on December 2.  Since no ruling was made on her Motion for Appointment of Counsel before her

response was due, I now extend the deadline for Stafford to file a response to the Motion to

Dismiss.  Stafford should file her response on or before January 13, 2014.  Ransford may file a

reply, if he believes one is necessary, on or before January 27, 2014.  The Court will take the

motion under advisement on January 27, 2014.

///

///

Page 3 - OPINION AND ORDER ON APPOINTMENT OF COUNSEL

**CONCLUSION**

For the foregoing reasons, Stafford's Motion for Appointment of Counsel [9] and Motion for Drug Exam and Psychological Testing on Dr. Todd Ransford [16] are denied.

IT IS SO ORDERED.

DATED this _____23rd_____ day of December, 2013.


_/s/ Garr M. King_____
GARR M. KING
United States District Court Judge