UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ANNA STAFFORD, A.H., minor child**,

        Plaintiffs,

v.

**TODD RANSFORD**,

        Defendant.

Case No. 3:13-CV-01454-KI

OPINION AND ORDER
DISMISSING WITH PREJUDICE

Anna Stafford
5590 SE Nelson Rd.
Olalla, WA 98359

    *Pro Se* Plaintiff

Lindsey H. Hughes
Jamie E. Valentine
Keating Jones Hughes PC
One SW Columbia, Suite 800
Portland, OR 97258-2095

    Attorneys for Defendant

Page 1 - OPINION AND ORDER DISMISSING WITH PREJUDICE

KING, Judge:

Plaintiffs Anna Stafford and minor A.H. bring a case against Todd Ransford. Pending before me is Ransford's Motion to Dismiss for Failure to State a Claim [19]. For the following reasons I grant the motion and dismiss this case with prejudice.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation omitted). This means that, although a plaintiff need not allege detailed facts, the pleading must provide "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim rises above the speculative level "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 929 (9th Cir. 2009) (citing Iqbal, 556 U.S. at 678 )).

*Pro se* complaints are construed liberally and may only be dismissed "'for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Engebretson v. Mahoney, 724 F.3d 1034, 1037 (9th Cir. 2013) (quoting Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011)). The court should allow a *pro se* plaintiff to amend the complaint unless it would be impossible to cure the deficiencies of the complaint by amendment. Johnson v. Lucent Tech. Inc., 653 F.3d 1000, 1011 (9th Cir. 2011).

Page 2 - OPINION AND ORDER DISMISSING WITH PREJUDICE

**DISCUSSION**

Ransford filed a Motion to Dismiss on November 15, 2013.  Stafford's response was due on December 2.  Since no ruling was made on her Motion for Appointment of Counsel before her response was due, I extended the deadline for Stafford to file a response to the Motion to Dismiss to January 13, 2014.  Stafford has failed to file a response.

Stafford's claim against Ransford arises from his actions as a court-appointed psychologist in a custody dispute.  Stafford alleges Ransford failed to properly investigate the father's family, was biased against her, accepted a bribe to testify in favor of the father, and slandered her in court.

However, statements made in pleadings or in the course of a judicial proceeding, if relevant to the issue, are absolutely privileged.  Moore v. Sater, 215 Or. 417, 335 P.2d 843 (1959); Durr v. Kelleher, 54 Or. App. 965, 636 P.2d 1015 (1981).  The statements plaintiff Stafford takes issue with were central to the subject matter of the dissolution and custody proceeding, namely Stafford's ability to parent.  See also Compl. at 5 (damages are a "direct result of Ransford's evaluation which was accepted into Multnomah County Court as evidence").  These statements "however harsh it may bear upon a person who claims to be injured thereby, and even though [they] may have been made maliciously" are absolutely privileged communications.  Moore, 215 Or. at 419-20 (quoting Grubb v. Johnson, 205 Or. 624, 631, 289 P.2d 1067 (1955)).

Stafford also alleges violations of the code of government ethics, which applies to "public officials[.]" ORS 244.010.  Even if this law were applicable to Ransford, which I do not decide, the law does not create a civil right of action for an individual like Stafford to obtain damages.

Page 3 - OPINION AND ORDER DISMISSING WITH PREJUDICE

<u>City of Tualatin v. City-County Ins. Services Trust</u>, 321 Or. 164, 172, 894 P.2d 1158 (1995) ("ORS chapter 244 is designed to 'deter violation of the legislative policy of safeguarding the public trust inherent in holding a public office.' Thus, the ethics law was created to benefit the public, not to create a civil claim for or against an individual.") (internal citation omitted).

In sum, Stafford fails to state a claim entitling her to relief and she could not amend her complaint to correct these deficiencies. This action is dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Ransford's Motion to Dismiss [19] is GRANTED and this action is dismissed with prejudice.

IT IS SO ORDERED.

DATED this ___14th___ day of January, 2014.

    /s/ Garr M. King
GARR M. KING
United States District Court Judge